In the

# United States Court of Appeals
### For the Seventh Circuit

———————————

Nos. 23-3198 & 25-2081

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TERRY FERGUSON,

*Defendant-Appellant.*

———————————

TERRY FERGUSON,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

———————————

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 18-cr-00734 — **Matthew F. Kennelly**, *Judge.*

———————————

ARGUED MAY 12, 2026 — DECIDED AUGUST 7, 2026

———————————

Before EASTERBROOK, MALDONADO, and TAIBLESON, *Circuit Judges*.

MALDONADO, *Circuit Judge*. Pending before us are two consolidated appeals related to the conviction of Terry Ferguson for conspiracy to distribute cocaine and possession of a firearm by a convicted felon. We first address Ferguson's appeal seeking reversal of the district court's denial of his motion under 28 U.S.C. § 2255 to vacate his sentence for ineffective assistance of counsel. Then we address his appeal seeking reversal of the district court's denial of his motions to dismiss the indictment for vindictive or selective prosecution. We affirm the first appeal, finding no conflict of interest bearing on the representation Ferguson received, and we dismiss the second appeal as waived by the appellate waiver in Ferguson's plea agreement.

**I**

This case has a lengthy factual and procedural history, but we can be brief in our discussion. In January 2023, Ferguson pleaded guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute 500 grams or more of cocaine, 21 U.S.C. § 846, and one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g). The agreement provided that Ferguson "waiv[ed] all appellate issues that might have been available if he had exercised his right to trial" and could "only appeal the validity of [his] plea of guilty and the sentence imposed." In the change of plea hearing, the court reviewed this provision with Ferguson in detail. It emphasized that, by pleading guilty under this agreement, Ferguson "wo[uldn't] be able to appeal" the denial of "any [] motions that [the court] ruled on … during the course of the case." Ferguson confirmed he understood the waiver of these appellate

rights. The court added that Ferguson was waiving any defense, and Ferguson said he understood that as well.

Both before and after the court accepted his guilty plea, Ferguson filed motions to dismiss the indictment for vindictive or selective prosecution. In both motions, he claimed that he was "singled out for prosecution" and treated "far differently from similarly situated defendants" because of the investigating agents' "personal animus" against him. The district court denied the motions, finding that Ferguson had not shown that the prosecutor harbored animus towards him or brought the case against him for any impermissible purpose. As to the motion filed after the guilty plea, the district court also found that Ferguson had waived his right to challenge the indictment for selective or vindictive prosecution when he admitted guilt. Ferguson brought a motion to reconsider, but the court declined to do so.

Post-sentencing, Ferguson moved under 28 U.S.C. § 2255 to vacate his sentence, arguing that his attorney, Beau Brindley, provided ineffective assistance of counsel because of a conflict of interest.[1] Specifically, when Ferguson was arrested on these charges in October 2018, federal agents solicited Ferguson's cooperation against Brindley, telling him they believed Ferguson was up to "something shady with his lawyer." Initially Ferguson expressed interest and indicated that he had information about criminal activity by Brindley. But later in the same conversation, Ferguson denied involvement

---

[1] Brindley is still representing Ferguson in this case. In April 2024, we remanded the case to permit the district court to conduct a hearing to address any potential ongoing conflict between Brindley and Ferguson. The district court found that for purposes of his appeals, "Ferguson knowingly and voluntarily waived his right to conflict-free counsel."

in anything "shady" with Brindley, and, when agents advised him that they were not authorized to make any promises in return for his assistance, Ferguson declined to cooperate. In his § 2255 motion, Ferguson argued that the solicitation of his cooperation and the query into Brindley created a conflict of interest that adversely affected Brindley's representation of him. Despite the solicitation occurring at the start of this case, neither Ferguson nor Brindley had raised the issue to the district court previously. The district court denied the motion finding no actual conflict or any adverse effects.

## II

Ferguson now brings two appeals, consolidated for resolution, challenging the district court's rulings on his motion to vacate and his motions to dismiss the indictment. We address each appeal in turn.

## A

We first address appeal No. 25-2081, which challenges the district court's denial of Ferguson's motion to vacate his sentence based on an alleged conflict of interest between Ferguson and Brindley. In assessing the district court's denial of relief, we review factual findings for clear error and issues of law de novo. *Dekelaita v. United States*, 108 F.4th 960, 968 (7th Cir. 2024).

As an initial matter, *Bridges v. United States*, 794 F.2d 1189 (7th Cir. 1986), could warrant us finding that Ferguson waived any conflict by retaining Brindley after agents floated the possibility of cooperation. In *Bridges*, the defendant alleged that his retained counsel was involved in the cocaine charges to which the defendant pleaded guilty. *Id.* at 1190–91. The defendant argued that his attorney therefore had a

conflicting interest in the defendant quickly pleading guilty so that the attorney's own misconduct would not be exposed in prolonged plea negotiations or at trial. *Id.* at 1192. But we found that the defendant had knowingly, voluntarily, and intelligently waived any conflict with counsel by choosing to retain the attorney despite his awareness of a potential conflict. *Id.* at 1194. We further found that the defendant's bad faith delay in raising the issue to the district court supported finding waiver of the conflict. *Id.* at 1194–95. This case parallels *Bridges*. Ferguson knew of the possibility of cooperating against Brindley and that Brindley was alleged to have been involved in something "shady" with him, yet he still chose to retain Brindley. And like in *Bridges*, Ferguson's delay in raising this alleged conflict to the district court suggests an attempt to game the criminal justice system.

But we will not decide this appeal on waiver because, unlike in *Bridges*, the government here did not argue that Ferguson's retention of Brindley had waived the conflict until oral argument, itself waiving the argument. *See United States v. Beasley*, 163 F.4th 403, 410 n.2 (7th Cir. 2025), cert. denied, No. 25-7420, 2026 WL 1780077 (U.S. June 22, 2026) ("[A]rguments raised for the first time at oral argument are waived.") (citations omitted). While there may have been a viable argument that Ferguson waived any conflict with Brindley, we "adhere to the principle of party presentation." *Margolin v. Nat'l Ass'n of Immigr. Judges*, 146 S. Ct. 1285, 1288 (2026) (per curiam). "[W]e rely on the parties to 'frame the issues for decision' and decide 'only the questions presented.'" *Id.* (quoting *United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020)). So, we turn to the merits of Ferguson's argument.

On the merits, Ferguson insists that there was a conflict of interest between him and Brindley that adversely affected Brindley's representation such that the district court was required to conduct an inquiry into the conflict. Not so.

To start, there was no conflict in 2023 when Ferguson negotiated a plea deal, pleaded guilty, and was sentenced. Ferguson points to the agents' discussion of cooperation against Brindley at the time of his arrest in 2018. But even assuming such solicitation was enough to transform a mere investigation into a conflict at that time, *see United States v. Hubbard*, 22 F.3d 1410, 1418 (7th Cir. 1994) (fact that an attorney is under investigation, without more, is not enough to give rise to an actual conflict warranting reversal), there is no evidence that any investigation into Brindley was ongoing five years later when Ferguson's plea deal was negotiated, he pleaded guilty, and he was sentenced. And Brindley himself admitted that he did not believe agents were conducting a real investigation, so there was no "danger that [he] would ineffectively represent [Ferguson] because of fear that authorities might become aware of [his] own misconduct if he undertook effective representation." *See Blake v. United States*, 723 F.3d 870, 881 n.10 (7th Cir. 2013) (quotation omitted); *see also United States v. Wright*, 85 F.4th 851, 859 (7th Cir. 2023) (A "conflict exists if an attorney is torn between two different interests, or required to make a choice advancing his own interests to the detriment of his client's interests.") (citation modified).

Moreover, even assuming there was a conflict at the relevant time, any such conflict had no "adverse effect" on Brindley's performance. *See Blake*, 723 F.3d at 880 (citation omitted). That is, there is not a "reasonable likelihood that [Brindley's] performance would have been different had there been no

conflict of interest." *See id.* (quotation omitted); *see also Mickens v. Taylor*, 535 U.S. 162, 171 (2002) (conflict must "*affect*[] counsel's performance"—a "mere theoretical division of loyalties" is not enough). To show otherwise, Ferguson needs to identify "specific instances where [Brindley] could have, and would have, done something different[.]" *Griffin v. McVicar*, 84 F.3d 880, 887 (7th Cir. 1996). And those abandoned paths must present "a plausible alternative to the strategy actually pursued[.]" *United States v. Grayson Enters., Inc.*, 950 F.3d 386, 399 (7th Cir. 2020) (quotation omitted).

Ferguson has attempted to make this showing in two ways, but both fail. Ferguson first argues that a non-conflicted attorney might have pursued a deal with the government in which Ferguson cooperated against Brindley in exchange for a reduced sentence. But Ferguson himself declined to cooperate five years before his plea was negotiated, and his pure speculation that he could have gotten a better plea agreement involving cooperation but for the conflict does not, without more, support that this was a "plausible alternative" available to him. *See Grayson Enters., Inc.*, 950 F.3d at 399.

Second, Ferguson says Brindley failed to raise the conflict to the district court's attention earlier in the proceedings. But Brindley admitted he did not think there was an ongoing investigation into him, so there was nothing to report. We do not see how a different attorney would have acted differently or how the failure to raise the issue adversely affected Ferguson.

With no evidence of any actual conflict (that is, a conflict of interest affecting Brindley's performance), the district court's lack of inquiry about a potential conflict is neither here nor there. *See United States v. Fuller*, 312 F.3d 287, 291–92 (7th

Cir. 2002) ("[A] *potential* conflict of interest, no matter how it is addressed by the trial judge, is now insufficient to warrant relief.") (citation omitted); *Mickens*, 535 U.S. at 168–69 (a court has no duty to inquire based on "a vague, unspecified possibility of conflict").

**B**

Ferguson's other appeal (No. 23-3198), challenging the district court's denial of his motions to dismiss for selective or vindictive prosecution, fails before even reaching the merits. The government argues that Ferguson has waived his right to appeal these rulings under the terms of his plea agreement. We agree.

We review de novo whether a defendant has waived the right to appeal a district court's denial of a pretrial motion by entering a plea agreement. *See United States v. Johnson*, 934 F.3d 716, 719 (7th Cir. 2019). A criminal defendant may waive his right to appeal as part of a plea agreement, provided that the waiver is knowing and voluntary. *Hunter v. United States*, 146 S. Ct. 1702, 1711 (2026). While "[a]ppeal waivers in plea agreements are typically enforceable[,] … given the contractual nature of plea agreements, an appeal waiver only bars review of claims that fall within its scope." *United States v. Edwards*, 145 F.4th 774, 780 (7th Cir. 2025) (quotation and citation omitted). We interpret the terms of a plea agreement "according to the parties' reasonable expectations and construe any ambiguities in the light most favorable to the defendant." *Johnson*, 934 F.3d at 719 (quotation omitted). We also consider whether the district court "properly informed the defendant that the waiver may bar the right to appeal." *Id.*

The language of the plea agreement here is clear and unambiguous. The appellate waiver stated: "Appellate rights. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed." Ferguson's challenges to the district court's rulings on the motions to dismiss and to reconsider do not fall within the scope of "this plea of guilty and the sentence imposed," and therefore are waived under the agreement.

And Ferguson cannot contend that his waiver was not knowing and voluntary. To start, "[a] written appellate waiver signed by the defendant will typically be voluntary and knowing, and thus enforceable through dismissal of a subsequent appeal." *Johnson*, 934 F.3d at 719 (quotation omitted). And the district court held a thorough colloquy at the change of plea hearing regarding the waiver. The court explained that Ferguson would still be able to appeal the validity of his guilty plea and sentence, but that he "wo[uldn't] be able to appeal" the denial of "any [] motions that [the court] ruled on … during the course of the case." Ferguson confirmed he understood.

Ferguson has not provided us with any reason not to enforce the appellate waiver. He failed to file a reply brief to rebut the government's argument, and he did not proactively address the issue in his opening brief.[2] He has therefore

---

[2] Ferguson's opening brief addresses whether his unconditional guilty plea waived his right to challenge the indictment, but it does not address whether the appellate waiver provision in the plea agreement waived his right to appeal the district court's denials of his motions to dismiss the indictment. These are distinct questions.

waived any arguments against enforcement of the appellate waiver and dismissal. *See Bradley v. Village of University Park*, 59 F.4th 887, 897 (7th Cir. 2023) (an appellant waives an argument by "failing to respond in a reply brief to a new argument raised by appellee"); *Webb v. Frawley*, 906 F.3d 569, 582 (7th Cir. 2018) (defendant "waived any counterarguments he could have raised" by not responding to the point in his reply brief). Accordingly, we enforce the appellate waiver and dismiss this appeal.

### III

For the reasons discussed, we AFFIRM the judgment of the district court as to appeal No. 25-2081 and DISMISS appeal No. 23-3198.